SMITH *et al. v.* SMITH, administratrix, *et al.*

No. 16652. JUNE 15, 1949.

*Z. B. Rogers* and *Earle Norman*, for plaintiffs.

*Colley & Orr, R. M. Heard* and *W. A. Slaton*, for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■
Headnote 1 requires no elaboration.

■ The court, at the request of the plaintiffs, charged the jury as follows: "Now, gentlemen, I charge you this is a suit against Mrs. L. G. Smith as administratrix of the estate of Mr. L. G. Smith, her deceased husband, and the Employers' Liability Assurance Corporation, Limited. I charge you that the surety on an administrator's bond, executed after the principal, the administrator, has converted property of her deceased intestate to her own use, is liable upon the bond as for a breach of the obligation thereof, if at the time of the execution of the bond the administratrix, Mrs. Smith in this case, was solvent and could have made good her misappropriation but failed to do so, in case you find there was any misappropriation in the light of the charge that I have just given you.

"And in this case if the administratrix, Mrs. L. G. Smith, was solvent at the time her bond, the bond sued on in this case, became effective, or at any time during its currency, and she failed to collect from herself amounts for which she was personally liable to the estate, she committed a breach of the bond, for which she and her surety, the Employers' Liability Assurance Corporation, Limited, are answerable without any retrospective construction of the obligation of the bond; for after the bond became effective it was just as much her duty not to neglect to collect a solvent debt from herself as it was not to neglect to collect a solvent debt from a third person. And this is true even though her debt arose by reason of the fact that she had converted the property of the estate to her own use before the time the bond became effective.

"You will look to the evidence, gentlemen, to determine whether or not Mrs. Smith converted any sums from the estate to her own use and to determine whether or not Mrs. Smith was solvent at the time the Employers' Liability Assurance Corporation, Limited, signed the bond. Before the plaintiffs in this case would be authorized to recover anything from the surety in this

case, the Employers' Liability Assurance Corporation, Limited, you must first determine from the evidence that Mrs. Smith converted sums of the estate to her own use, and the amount of these sums, and then you must go further and determine from the evidence that Mrs. Smith was solvent and could have made good the misappropriation at the time the bond was signed, or at any time afterwards, but failed to do so."

The amended motion for new trial complains because the trial judge in this connection also charged the jury: "Now bearing that principle in mind, I charge you this principle—I charge you that this suit is against Mrs. L. G. Smith, guardian and ex-officio administratrix of the estate of L. G Smith and her surety, Employers' Liability Assurance Corporation. As a defendant in this case, Employers' Liability Assurance Corporation is not liable for any act of Mrs. Smith which was not done in her official capacity as guardian or as ex-officio administratrix of Mr. Smith, and therefore that company could not be liable for any act of Mrs. Smith which occurred before she was appointed guardian. I charge you that and state that this principle of law which I have just previously charged you is also applicable." The criticism of the excerpt complained of is this: (1) it was, under the facts in this case, erroneous and not sound as an abstract principle of law; (2) it was confusing to the jury; (3) it was misleading to the jury; and (4) it was injurious to the plaintiffs because a correct principle of law had just been given at the request of the plaintiffs, and the effect of the charge complained of was to withdraw it from the jury. In the circumstances of this case there is no merit in this ground of the motion. As shown by our statement of facts, the defendants denied all of the allegations of the petition concerning the solvency of Mrs. Smith, and on the trial the plaintiffs offered no proof to establish the truth of them. Consequently upon this theory of the plaintiffs' case the evidence demanded a finding in favor of the surety corporation (*Fidelity & Deposit Company of Maryland* v. *Norwood,* 38 *Ga. App.* 534 (3), 144 S. E. 387); and the charge complained of, even if erroneous for any reason assigned, will not require a reversal of the case. *Lunsford* v. *Armour,* 194 *Ga.* 53 (20 S. E. 2d, 594); *Richardson* v *Hairried,* 202 *Ga.* 610 (44 S. E. 2d, 237).

408

Accordingly, there is no merit in the exception to the judgment overruling the plaintiffs' amended motion for new trial.

*Judgment affirmed. All the Justices concur. Wyatt, J., concurs in the result.*